**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

KINSALE INSURANCE COMPANY,   )
                                       )
        Plaintiff,             )
                                       )     Case No. 23 CV 3739
      v.                    )
                                       )
NATIONAL UNDERGROUND   )
SYSTEMS, INC.; AXS POINTS   )
PARTNERS, LLC; COMCAST OF   )
ILLINOIS I, INC. d/b/a COMCAST; and   )
NORTH SHORE GAS COMPANY,   )
                                       )
        Defendants.        )

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff KINSALE INSURANCE COMPANY ("Kinsale") by and through its attorneys TRAUB LIEBERMAN STRAUS & SHREWSBERRY, LLP, and for its Complaint for Declaratory Judgment against Defendants, NATIONAL UNDERGROUND SYSTEMS, INC.; AXS POINTS PARTNERS, LLC; COMCAST OF ILLINOIS I, INC. d/b/a COMCAST; and NORTH SHORE GAS COMPANY, states as follows:

**NATURE OF ACTION**

1.     Plaintiff, Kinsale, is an insurance company and issued a commercial general liability policy, policy number 0100094499-1, to National Underground Systems, Inc. ("National") for the policy period August 23, 2020, through August 23, 2021 (the "Kinsale Policy"). Kinsale brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201, *et seq*. and Rule 57 of the Federal Rules of Civil Procedure seeking a declaration with respect to its duty to defend and indemnify Defendants National, AXS Points Partners, LLC ("AXS"), and Comcast of Illinois I, Inc. d/b/a Comcast ("Comcast") under the Kinsale Policy in connection with an underlying lawsuit styled *North Shore Gas Company v. National Underground Systems, Inc.,*

1

*et al.*, Case No. 2022 LA 000058, filed in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois (the "*North Shore* Lawsuit"). Kinsale seeks a declaration that no coverage is available under the Kinsale Policy and that Kinsale has no obligation to defend or indemnify National, AXS, and/or Comcast in connection with the *North Shore* Lawsuit.

2.      There exists an actual and justiciable controversy among the parties concerning their respective rights, duties, and obligations under and pursuant to the Kinsale Policy. Kinsale contends that there is no obligation to defend or indemnify National, AXS, and/or Comcast in connection with the claims asserted in the underlying *North Shore* Lawsuit based on the terms of the Kinsale Policy and applicable law.

3.      Kinsale has no adequate remedy at law and, therefore, desires a judicial determination of its rights and duties in accordance with the Kinsale Policy. A judicial declaration is necessary and appropriate at this time so that Kinsale may ascertain its rights and duties with respect to defense and indemnity under the Kinsale Policy for the underlying *North Shore* Lawsuit.

## JURISDICTION AND VENUE

4.      Jurisdiction over this matter is appropriate pursuant to 28 U.S.C. § 1332(a) as the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

5.      Venue is appropriate in this district pursuant to 28. U.S.C. § 1391(a), in that the underlying *North Shore* Lawsuit is pending in this district and a substantial part of the events giving rise to this claim occurred in this district. Further, the Kinsale Policy was issued and delivered to Defendant National at its principal place of business in this judicial district.

## THE PARTIES

6.      Kinsale is, and at all relevant times has been, a corporation organized under the laws of Arkansas with its principal place of business in Richmond, Virginia. At all relevant times, Kinsale was an insurance company whose policies may be sold throughout the country, including in Illinois.

7.      National is a corporation organized and existing under the laws of Illinois with its principal place of business at 1177 Prides Run, Lake in The Hills, Illinois.

8.      AXS Points Partners, LLC, is a Missouri limited liability company with its principal place of business in Clayton, Missouri.  AXS is a citizen of the state of Missouri.

9.      Kinsale, through counsel, conducted a reasonable inquiry to determine the membership of AXS by searching available public records including the Missouri, Illinois, Virginia, and Arkansas Secretary of State websites, other internet sources, Lexis and PACER.

10.     Kinsale hereby avers the results of its investigation to determine the membership of AXS which is sufficient to satisfy the jurisdictional requirements.  Med. Assur. Co. v. Hellman, 610 F.3d 371, 376 (7th Cir. 2010); Emps. Preferred Ins. Co. v. C&K Hotel Grp., LLC, No. 15-CV-1500, 2016 WL 755600, at *3 (C.D. Ill. Feb. 25, 2016)(citing Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 106-11 (3d Cir. 2015) (a plaintiff's good faith allegations of the requisite jurisdictional basis regarding an LLC is sufficient to survive a facial attack) and Carolina Casualty Insurance Co. v. Team Equipment, Inc., 741 F.3d 1082 (9th Cir. 2014) (holding similarly)).

11.     To the extent there exists any factual challenge to jurisdiction, Kinsale requests that it be permitted to conduct jurisdictional discovery to confirm that complete diversity exists.

12.     Kinsale's investigation revealed no connection between the membership of AXS Point Partners, LLC, and Plaintiff's states of citizenship – Arkansas or Virginia.

13.     Comcast is a corporation organized and existing under the laws of Illinois with its principal place of business at 1255 West North Avenue, Chicago, Illinois.

14.     North Shore is a corporation organized and existing under the laws of Illinois with its principal place of business in Chicago, Illinois.  North Shore is the plaintiff in the underlying *North Shore* Lawsuit and is joined as a defendant herein as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure and so that it may be bound by the judgment entered in this case. If Defendant executes a stipulation agreeing to be bound by any judgment entered herein, Kinsale will voluntarily dismiss the Defendant from this action.

## FACTUAL BACKGROUND

**A.     The Underlying *North Shore* Lawsuit**

15.     On March 1, 2022, North Shore filed a Complaint styled *North Shore Gas Company v. National Underground Systems, Inc., et al.*, Case No. 2022 LA 000058, in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois.  On December 14, 2022, North Shore filed a First Amended Complaint against National, AXS, and Comcast (the "*North Shore* Lawsuit").  A copy of the First Amended Complaint is attached hereto as **Exhibit A**.

16.     The *North Shore* Lawsuit alleges that on July 23, 2021, National was using a machine to bore underground in the area of the intersection of Buffalo Grove Road and Half Day Road in Buffalo Grove, Lake, County, Illinois. *See* Ex. A, ¶ 1.

17.     North Shore alleges that in the course of its work on July 23, 2021, National struck a 4-inch yellow plastic gas main owned and operated by North Shore.  *See* Ex. A, ¶ 2.

18.     The strike on North Shore's gas main allegedly caused a natural gas leak that lasted for over four hours and disrupted service to thirty-nine North Shore customers.  *See* Ex. A, ¶ 3.

19.     The gas main was at a depth of over ten feet.  *See* Ex. A, ¶ 4.

20.     At the time of the occurrence, National was working on a project to install conduit underground.  *See* Ex. A, ¶ 5

21.     It is alleged that AXS was the general contractor for the project pursuant to a direct contract with Comcast, and that AXS subcontracted the work to National.  *See* Ex. A, ¶¶ 6, 7.

22.     The *North Shore* Lawsuit alleges that National's digging with a boring machine was "excavation" with the "tolerance zone" as defined in the Illinois Underground Utility Facilities Damage Prevention Act, 220 ILCS 50/1.0 *et seq.* (hereinafter, the "Act").   *See* Ex. A, ¶¶11-13.

23.     North Shore alleges that National violated the Act by:

   a.     Digging with a boring machine rather than hand-digging or vacuuming or using other reasonable means to protect the gas main and avoid the strike;

   b.     failing to take reasonable action to inform itself of the location of underground utility facilities in and near the area it was conducting operations;

   c.     otherwise failing to exercise due care to protect underground utility facilities;

   d.     otherwise violating the Act.

*See* Ex. A, ¶ 16.

24.     The *North Shore* Lawsuit also alleges that National was negligent in digging in the area of the pipe using a boring machine, causing damage to North Shore, namely, damaging its pipe, losing or destroying its natural gas, and causing a fire on a North Shore natural gas facility that North Shore had to remedy.  *See* Ex. A, ¶¶ 21-24.

25.     The *North Shore* Lawsuit also alleges that National was AXS' agent or employee for purposes of the Act, and that all of National's acts alleged in the First Amended Complaint are attributed to AXS and/or Comcast.  *See* Ex. A, ¶¶ 36, 42-43 51-52.

26.     Accordingly, North Shore alleges that Comcast and/or AXS also violated the Act and was negligent by digging with a boring machine rather than hand-digging or vacuuming or using other reasonable means to protect the gas main and avoid the strike; failing to take reasonable action to inform itself of the location of underground utility facilities in and near the area it was conducting operations; and otherwise failing to exercise due care to protect underground utility facilities.  *See* Ex. A, ¶¶ 46-49, 62-71.

**B.     The Comcast "Counterclaim for Contribution"**

27.     On February 2, 2023, Comcast filed a "Counterclaim for Contribution" against National in the *North Shore* Lawsuit.  A copy of the "Counterclaim for Contribution" is attached as **Exhibit B** (hereinafter, the "Contribution Claim").

28.     The Contribution Claim alleges that a four-inch yellow plastic gas main owned and operated by North Shore was struck while boring was being performed by National in the area of the intersection of Buffalo Grove Road and Half Day Road in Buffalo Grove, Lake County, Illinois on July 23, 2021.  *See* Ex. B, ¶ 1.

29.     Comcast alleges that National entered into a contract to perform the boring work at the subject property.  *See* Ex. B, ¶ 4.

30.     The Contribution Claim alleges that National negligently dug in the area of the pipe using a boring machine, causing damage to North Shore.  *See* Ex. B, ¶ 6.

31.     It is alleged that if Comcast if found liable for the injuries and/or damages alleged in North Shore's Complaint, said liability will be on account of the negligence of National.  *See* Ex. B, ¶ 9.

## THE KINSALE POLICY

32.     Kinsale issued a commercial general liability policy, policy number 0100094499-1, to National Underground Systems, Inc. ("National") for the policy period August 23, 2020, through August 23, 2021 (the "Kinsale Policy").  Subject to all policy conditions and any applicable exclusion(s), the Kinsale Policy generally provides coverage for those amounts that the insured becomes legally obligated to pay as damages for "property damage" caused by an "occurrence," where the damage takes place during the policy period. A copy of the Kinsale Policy is attached hereto as **Exhibit C**.

33.     The Kinsale Policy defines "property damage" as (a) physical injury to tangible property, including all resulting loss of use of that property; or (b) loss of use of tangible property that is not physically injured.

34.     The term "occurrence" is defined as an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

35.     The Kinsale Policy includes an "Additional Policy Exclusions" endorsement (form CAS3043 0817), that provides in relevant part as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ADDITIONAL POLICY EXCLUSIONS**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**
**PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE**
**LIQUOR LIABILITY COVERAGE**

The following exclusions are added to this policy:

* * *

**CLASSIFICATION LIMITATION EXCLUSION**

7

This insurance applies only to the operations that are described in the DESCRIPTION OF OPERATIONS shown on the Declarations page of this policy.

**DUTY TO DEFEND EXCLUSION**

Where there is no coverage under this policy, there is no duty to defend.

* * *

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

36.     The Declarations Page of the Kinsale Policy contains the following Description of Operations to which the Kinsale Policy applies:

| DESCRIPTION OF BUSINESS | |
|---|---|
| **DESCRIPTION OF OPERATIONS:** | **Communications cable installation contractor (excluding boring operations)** |
| Business Type: | Corporation |

32.     The Kinsale Policy also includes an endorsement entitled "Exclusion – Underground Facility," (form CAS3044 0220), that provides as follows:

**THIS ENDORSEMENT MODIFIES THE POLICY. PLEASE READ IT CAREFULLY**

**EXCLUSION – UNDERGROUND FACILITY**

**This endorsement modifies the insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

The following exclusion is added to this Policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage", "personal and advertising injury" or "underground property damage" arising directly or indirectly out of, related to, or, in any way involving any failure by you, or others working on your behalf, to take "appropriate" steps in advance of any job or work commencing, locating, identifying or marking the location of any "underground facility".

8

For purposes of this exclusion, the following definitions apply:

"Underground property damage" means "property damage" to an "underground facility" including any resulting "property damage" to any other property, caused by digging, grading land, paving, excavating, drilling, burrowing, filling, back-filling, horizontal boring or pile driving.

"Appropriate" means actions normally taken or used in the job site jurisdiction to locate, identify and mark the location of "underground facilities" to protect or prevent damage. This includes, but is not limited to, compliance with all state or local codes or regulations.

"Underground facility" means any item located below ground for use in connection with the storage or conveyance of water, sewage, electronic, telephonic or telegraphic communications, television, fiber optic, digital, electric energy, petroleum products, gas, gaseous vapors, hazardous liquids or other substances and including but not limited to pipes, sewers, conduits, mains, cables, valves, lines, wires, tanks, tunnels, manholes, attachments and any other similar property, and any apparatus used with them beneath the surface of the ground or water.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

(hereinafter, the "Underground Facility Exclusion").

38.     The terms "you" and "your" in the Kinsale Policy are defined as the Named Insured shown in the Declarations, and in this case, refer to National.

## COUNT I – DECLARATORY JUDGMENT
### (Classification Limitation Exclusion Applies To Bar Coverage)

39.     Plaintiff incorporates and re-alleges the preceding paragraphs 1-38 as if fully restated and set forth herein as paragraph 39.

40.     The Classification Limitation Exclusion provides that the Kinsale Policy applies only to the operations that are described in the Description of Operations shown on the Declarations page of the Kinsale Policy.   If any operations are not described, they are not covered.

41.     As outlined above, the Description of Operations on the Declarations page of the Kinsale Policy describes National's Business Operations as a "Communications cable installation contractor (excluding boring operations)."

42.     According to the *North Shore* Lawsuit and related Contribution Claim, National was performing boring operations with a boring machine when it struck and damaged North Shore's underground gas main at a depth of at least 10-feet below ground.

43.     It is alleged that National violated the Act and acted negligently by digging with a boring machine rather than hand-digging or vacuuming or using other reasonable means to protect the gas main and avoid the strike.

44.     At the time of the occurrence National was performing boring operations, which are outside the scope of covered business operations under the Kinsale Policy.

45.     Accordingly, the Classification Limitation Exclusion precludes coverage for the *North Shore* Lawsuit.

46.      The Duty to Defend Exclusion further provides that where there is no coverage under the Kinsale Policy, there is no duty to defend.

47.     Kinsale has and had no duty to defend or indemnify National, AXS, Comcast, or any other person or entity for the claims asserted against them in the *North Shore* Lawsuit.

WHEREFORE, Plaintiff, Kinsale, respectfully prays that this Honorable Court:

a.      Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Kinsale Policy;

b.      Find and declare that the Classification Limitation Exclusion bars coverage under the Kinsale Policy for the clams asserted in the *North Shore* Lawsuit;

c.      Find and declare that Kinsale has and had no duty under the Kinsale Policy to defend and/or indemnify National, AXS, Comcast, or any other person or entity in the *North Shore* Lawsuit; and

      d.      Grant Kinsale such other and further relief that the Court deems proper under the facts and circumstances.

**COUNT II – DECLARATORY JUDGMENT**
**(The Underground Facility Exclusion Applies To Bar Coverage)**

48.      Plaintiff incorporates and re-alleges the preceding paragraphs 1-47 as if fully restated and set forth herein as paragraph 48.

49.      The Underground Facility Exclusion precludes coverage for any claim or "suit" for "property damage" or "underground property damage" arising directly or indirectly out of, related to, or, in any way involving any failure by National, or others working on its behalf, to take "appropriate" steps in advance of any job or work commencing, locating, identifying or marking the location of any "underground facility".

50.      The *North Shore* Lawsuit alleges that the gas main that National struck while digging with a boring machine was an "underground utility facility" and/or "underground facility" as defined by the Act and the Kinsale Policy, respectively.

51.      It is alleged that National violated the Act by failing to take reasonable action to inform itself of the location of underground utility facilities in and near the area it was conducting operations and otherwise failing to exercise due care to protect underground utility facilities.

52.      To the extent "property damage" or "underground property damage" is alleged, such damage arises out of, directly or indirectly, is related to, or involves National's failure to take "appropriate" steps in advance of any work commencing to locate, identify, or mark the location of any "underground facility."

53.      Accordingly, the Underground Facility Exclusion precludes coverage for *the North Shore* Lawsuit.

54.    The Duty to Defend Exclusion further provides that where there is no coverage under the Kinsale Policy, there is no duty to defend.

55.    Kinsale has and had no duty to defend or indemnify National, AXS, Comcast, or any other person or entity for the claims asserted against them in the *North Shore* Lawsuit.

WHEREFORE, Plaintiff, Kinsale, respectfully prays that this Honorable Court:

    a.    Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Kinsale Policy;

    b.    Find and declare that the Underground Facility Exclusion bars coverage under the Kinsale Policy for the clams asserted in the *North Shore* Lawsuit;

    c.    Find and declare that Kinsale has and had no duty under the Kinsale Policy to defend and/or indemnify National, AXS, Comcast, or any other person or entity in the *North Shore* Lawsuit; and

    d.    Grant Kinsale such other and further relief that the Court deems proper under the facts and circumstances.

**COUNT III – DECLARATORY JUDGMENT**
**(AXS And Comcast Are Not Additional Insureds And Not Entitled to Coverage)**

56.    Plaintiff incorporates and re-alleges the preceding paragraphs 1-55 as if fully restated and set forth herein as paragraph 56.

57.    National Underground Systems, Inc., is the only person or entity identified in the Declarations of the Kinsale Policy as a Named Insured.

58.    AXS and Comcast are not specifically identified as a Named Insured, Insured, additional insured, or on any other basis in the Kinsale Policy.

59.    The Kinsale Policy includes an "Additional Insured – Owners, Lessee Or Contractors – Scheduled Person Or Organization" Endorsement (form CG 20 10 12 19) that modifies the Kinsale Policy in relevant part as follows:

A.    **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1.    Your acts or omissions; or

2.    The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

However:

1.    The insurance afforded to such additional insured only applies to the extent permitted by law; and

2.    If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

\* \* \*

60.    The corresponding Schedule to the additional insured endorsement provides as follows:

| SCHEDULE | |
|---|---|
| **Name of Additional Insured Person(s) or Organization(s)** | **Location(s) of Covered Operations** |
| County of DuPage Division of Transportation as required by written contract, executed prior to the start of work on the project. | 2020 Calmos Court, Naperville, DuPage County |
| Blanket, as required by written contract, executed prior to the start of work on the project. | Locations as required and specified by written contract, executed prior to the start of work on the project. |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations | |

61.     National and AXS Points of Illinois, LLC ("AXS Illinois") purported to enter into a Subcontractor General Terms and Conditions Agreement (the "Agreement") whereby National contracted to perform certain unspecified telecommunications installation, construction and maintenance services as a qualified subcontractor for AXS Illinois.  A copy of the Agreement is attached as **Exhibit D**.

62.     While the Agreement purports to include certain insurance requirements of National related to contemplated future projects, the Agreement was not executed until August 10, 2021.

63.     The Agreement does not specify any locations or projects of work to be performed by National for AXS (or AXS Illinois), but instead contemplates future projects which may be set forth in a request for services to perform certain work.

64.     The Agreement does not specify or identify the Comcast boring project in the area of the intersection of Buffalo Grove Road and Half Day Road in Buffalo Grove, Lake County, Illinois, that is the subject of the underlying *North Shore* Lawsuit.

65.     The date of loss or injury alleged in the *North Shore* Lawsuit was July 23, 2021, which occurred prior to execution of the Agreement.

66.     The allegations of the *North Shore* Lawsuit and terms of the Agreement do not satisfy the Schedule requirements of the Kinsale additional insured endorsement, and therefore, AXS and/or Comcast do not qualify as an "additional insured" or "insured" under the endorsement or Kinsale Policy.

67.     Accordingly, AXS and/or Comcast are not entitled to coverage under the Kinsale Policy.

68. Kinsale has and had no duty to defend or indemnify AXS and/or Comcast for the claims asserted against them in the *North Shore* Lawsuit.

WHEREFORE, Plaintiff, Kinsale, respectfully prays that this Honorable Court:

a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Kinsale Policy;

b. Find and declare that the allegations of the *North Shore* Lawsuit and terms of the Agreement do not satisfy the Schedule requirements of the Kinsale additional insured endorsement, and therefore, AXS and Comcast do not qualify as an "additional insured" or "insured" under the endorsement or Kinsale Policy

c. Find and declare that Kinsale has and had no duty under the Kinsale Policy to defend and/or indemnify AXS or Comcast in the *North Shore* Lawsuit; and

d. Grant Kinsale such other and further relief that the Court deems proper under the facts and circumstances.

Dated this 13th day of June, 2023.

Respectfully submitted,

*/s/ Jason M. Taylor*

_____
One of the Attorneys for KINSALE INSURANCE COMPANY

Dana Rice
drice@tlsslaw.com
Jason M. Taylor
jtaylor@tlsslaw.com
TRAUB LIEBERMAN
STRAUS & SHREWSBERRY, LLP
71 S. Wacker Dr., Suite 2110
Chicago, Illinois 60603
312.332.3900
312.332.3908 (f)